Hiller, Respondent, vs. Trout Brook Company, Appellant.

*October 8—November 4, 1919.*

*Negligence: Building fires on own premises: Questions for jury.*

> In an action to recover damages for the loss by fire of plaintiff's slaughter-house and personal property, alleged to have been caused by the negligence of the employees of defendant, questions as to whether a fire started by the defendant on its adjoining premises the day before the loss was wholly extinguished on that day, and, if not, whether it spread early the next morning to plaintiff's premises, are *held* to have been for the jury, the evidence being in conflict.

Appeal from a judgment of the circuit court for St. Croix county: George Thompson, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff to recover dam-

ages for loss by fire of his slaughter-house. He claims that the fire by which he lost his slaughter-house originated on property of the defendant adjoining the land on which his slaughter-house was located, and that the fire was caused by the negligence and carelessness of the defendant's employees.

The complaint of the plaintiff sets forth that on the 11th day of May, 1917, he was, and still is, the owner of certain property located in St. Croix county; that on that day defendant's employees intentionally kindled a fire on its land next adjoining the plaintiff's land and so negligently watched and tended said fire that it came into and upon plaintiff's land, and on the 12th day of May, 1917, consumed his slaughter-house, two brood sows, and outfit, implements, and tools contained in and about said slaughter-house, of the value of $1,918.15. The answer of the defendant denies all responsibility for the fire which consumed plaintiff's property.

The case was tried before the court and a jury. In a special verdict the jury found that the fire which defendant started on the 11th day of May, 1917, on its property spread to and burned plaintiff's slaughter-house and property on May 12, 1917; that defendant failed to exercise ordinary care in the management and control of said fire; that such want of care was the proximate cause of the burning of plaintiff's slaughter-house and property, and fixed the damages at $957.

Judgment was entered in favor of the plaintiff and against the defendant for the sum of $957 and costs. This is an appeal from such judgment.

*Spencer Haven* of Hudson, for the appellant.

*C. A. Disney* of Hudson, for the respondent.

SIEBECKER, J. It is urged by defendant that no credible evidence was adduced to sustain the verdict. There is no

dispute that defendant's employees set fire on May 11th to the grass and rubbish on defendant's lands; that it spread over its lands, which adjoin plaintiff's premises as above stated, and that a fire spread over the premises adjoining the area burned over on May 11th and destroyed plaintiff's property at about 11 o'clock on the forenoon of May 12th. The controversy between the parties arises out of their conflicting claims regarding the complete extinction of the first fire on the evening of May 11th, and whether or not this fire was carelessly permitted by defendant to continue to burn and spread to the adjoining premises and thus destroy plaintiff's property on May 12th.

We have examined all of the evidence adduced on the trial and find there is some evidence tending to show that the fire of May 11th was wholly extinguished on the evening of that day. We also find testimony of several witnesses tending to show that they observed smoke in the early morning of May 12th at points near the fire line between the areas that were burned over on the 11th and the area burned over on the 12th of May, and that they saw fire spreading during the forenoon of May 12th over the burned area in the vicinity of the fire line of the first day and the plaintiff's premises. No one testified to having been on the ground in the early part of May 12th and to seeing the conditions at the fire line of the May 11th fire as it was last seen in the evening of that day. The evidence thus adduced, when applied to the facts and conditions involved in the case, permits of different inferences to be drawn therefrom regarding the questions whether or not the fire of May 11th was completely extinguished by defendant's employees in the evening of that day, and, if not, whether it spread to the plaintiff's premises on May 12th. If the jury believed that the evidence showed that defendant's employees completely extinguished the fire of May 11th, then they would necessarily have found that plaintiff's property was not destroyed by

the fire of May 11th. We are persuaded that the testimony of the several witnesses testifying to seeing smoke and fire in the forenoon of May 12th in the vicinity of the fire line between the areas burned over on the 11th and 12th of May, in connection with the physical facts showing the area over which the two fires had spread, raised such a conflict in the evidence on the questions whether the May 11th fire was wholly extinguished by defendant's employees or not, and whether it spread in the early part of May 12th to the area embracing plaintiff's premises, that it required the determination of these issues by a jury.

It is urged that the witnesses called by plaintiff, who testified to seeing the fire in the morning and forenoon of May 12th near the fire line of May 11th, were so completely impeached by their contradictory statements and other evidence in the case as to render their testimony incredible as a matter of law. The record does not justify this conclusion. The weight and credibility of the testimony were clearly for determination by the jury and the court properly submitted these inquiries to them. It cannot be said that the verdict is not supported by evidence, and the judgment awarded on the verdict cannot be disturbed.

*By the Court.*—The judgment is affirmed.